**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DIANA HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>DYSON, INC.,<br><br>*Defendant.* | Case No. 1:26-cv-06898<br><br>Judge Lindsay C. Jenkins |
| AMY HUNTER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>DYSON, INC., and DYSON DIRECT, INC.<br><br>*Defendants.* | Case No. 1:26-cv-06921 |

**JOINT INITIAL STATUS REPORT**

The parties respectfully submit the following joint initial status report pursuant to the Court's Order of July 2, 2026 (ECF No. 11), and Order of August 25, 2026 (ECF No. 14), which granted Plaintiff Diana Hernandez's Motion to Consolidate *Hernandez v. Dyson, Inc.*, 1:26-cv-06898 with *Hunter v. Dyson, Inc., et al.*, 1:26-cv-06921.

Per the Court's Order of August 25, 2026, this Court directed the parties to "address next steps now that the cases will be consolidated." The parties respectfully propose the following schedule, consistent with the schedule proposed in the Motion to Consolidate (ECF No. 13, Section III (Proposed Briefing Schedule)):

1. Plaintiffs Hernandez and Hunter ("Plaintiffs") shall be afforded 21 days from the date of the Court's Order of August 25, 2026, to file a consolidated complaint, which will supersede the original complaints filed prior to consolidation in *Hernandez* and *Hunter*.

2. Defendants Dyson, Inc. and Dyson Direct, Inc. (together, "Dyson") shall thereafter have 30 days to file an answer or otherwise respond to the consolidated complaint. In the event that Dyson files a motion to dismiss in response to the consolidated complaint, Plaintiffs shall have 30 days to file a response and Dyson shall then have 15 days to file a reply.

3. Dyson's deadlines to respond to the original complaints filed in *Hernandez* (deadline of September 4, 2026) and *Hunter* (deadline of September 10, 2026), shall be stayed pending the filing of the superseding consolidated complaint by Plaintiffs.

1. **The Nature of the Case**:

**A. Identify (names and contact information) all attorneys of record for each party, including the lead trial attorney.**

Attorneys for Plaintiff Diana Hernandez

Paul J. Doolittle
**POULIN | WILLEY |**
**ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
Email: paul.doolittle@poulinwilley.com
cmad@poulinwilley.com

Attorneys for Plaintiff Amy Hunter

Corey L Kraushaar
Stranch, Jennings & Garvey, PLLC
701 Market Street
Suite 1510
St. Louis, MO 63101
314-584-1575
Email: ckraushaar@stranchlaw.com

J. Gerard Stranch, IV
Grayson Wells
Michael Tackeff
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
(615) 254-8801
Email: mtackeff@stranchlaw.com

Attorneys for Defendant Dyson, Inc.

Matthew Steven Dowling
PLUNKETT COONEY
221 N. LaSalle Street, Suite 3500
Chicago, Illinois 60601
Tel: (312) 970-3491

Email: mdowling@plunkettcooney.com

Maxwell Dane Herman
HERBERT SMITH FREEHILLS KRAMER (US) LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: (917) 542-7848
Email: maxwell.herman@hsfkramer.com

Attorneys for Defendant Dyson Direct, Inc.

Maxwell Dane Herman
HERBERT SMITH FREEHILLS KRAMER (US) LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: (917) 542-7848
Email: maxwell.herman@hsfkramer.com

**B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

**Plaintiff's Statement of the Case**

Both the *Hernandez* and *Hunter* actions arise from allegations that Dyson increased consumer prices to pass through costs associated with tariffs imposed under the International Emergency Economic Powers Act ("IEEPA"), that the Supreme Court later held the IEEPA tariff regime unauthorized, and that Dyson has sought or may obtain refunds of tariff amounts while consumers who allegedly bore those costs have not been reimbursed.

Both complaints assert claims for unjust enrichment/restitution, money had and received, and declaratory judgment. Hernandez alleges purchases from Dyson and asserts claims against Dyson, Inc. Hunter alleges a purchase through a retailer selling Dyson products and asserts claims against Dyson, Inc. and Dyson Direct, Inc. No counterclaims or third-party claims have been filed.

**Defendants' Statement of the Case**

Dyson, Inc. and Dyson Direct, Inc. are Illinois companies in the business of innovative household technologies. Plaintiffs allege that Amy Hunter and Diana Hernandez purchased products imported into the U.S. by Dyson: Ms. Hunter from a third-party retailer and Ms. Hernandez from an unidentified seller. Plaintiffs allege that they paid prices for the purchased products that incorporated the cost of tariffs allegedly paid by Dyson under the International Emergency Economic Powers Act ("IEEPA") to the U.S. government in order to import the products into the U.S. prior to purchase. Plaintiffs assert that Dyson should now pay to Plaintiffs

the alleged portion of the purchase prices attributable to IEEPA tariffs that were invalidated by the U.S. Supreme Court decision in *Learning Res., Inc. v. Trump*, 607 U.S. 229 (2026), despite the fact that, as Plaintiff Hernandez admits, "[Dyson] has made no legally-binding commitment to return IEEPA tariffs" allegedly collected from consumers. *Hernandez* Complaint (ECF No. 1), para. 8. Plaintiffs assert equitable claims for unjust enrichment and money had and received under Illinois law and seek declaratory relief on behalf of themselves and a putative nationwide class of purchasers of different Dyson products, from different retailers, at different times, for different prices, bringing claims under the 50 states' different laws.

Dyson denies Plaintiffs' allegations, denies that it collected any sum from Plaintiffs, denies that Plaintiffs or the putative class are entitled to relief and denies that this case is appropriate for class treatment. Plaintiffs received exactly what they bargained for. Plaintiffs allegedly purchased products imported by Dyson for a known price and do not allege any defect with the products they received. Plaintiffs' allegations that the Products could have been priced lower than the prices Plaintiffs voluntarily paid at the time of purchase due to events occurring after the time of purchase are insufficient to allege standing under Article III of the U.S. Constitution or to state a claim upon which relief can be granted. It is not the law that a supplier of goods is obligated by equity to pay downstream consumers whenever the supplier allegedly receives relief related to the cost of producing, importing or selling goods.

Dyson has not asserted any counterclaims at this time. Nor has it presently moved to compel arbitration based on the limited information it has about Plaintiffs and their purchases. However, Dyson reserves the right to do so and to pursue all other relief, as appropriate.

**C. Briefly identify the major legal and factual issues in the case.**

**<u>Plaintiff's Statement of the Issues</u>**

The principal factual issues include the amount and timing of IEEPA tariffs paid by Dyson; whether and to what extent Dyson changed product prices because of those tariffs; whether Plaintiffs and putative class members paid prices or price increases attributable (in part or in whole) to tariff costs; the identity and records of direct and retailer purchasers; and whether Dyson has sought, received, or expects to receive tariff refunds and interest.

The principal legal issues include whether the alleged facts support unjust enrichment/restitution, money had and received, and declaratory relief; causation, injury, and the proper measure of any recoverable amounts; the effect of purchases through third-party retailers; and whether the requirements of Rule 23 can be satisfied for any proposed nationwide class, including in light of potentially varying state laws.

**Defendants' Statement of the Issues**

Based on the current complaints, the issues include, but are not limited to:

1. Whether Plaintiffs have Article III standing to bring their claims;
2. Whether Plaintiffs have plausibly alleged that Dyson inequitably and unjustly received and retained a benefit from Plaintiffs to Plaintiffs' detriment;
3. Whether Plaintiffs' claims are legally cognizable where Plaintiffs never paid Dyson, but rather, voluntarily purchased Dyson products from third parties, and where Plaintiffs received exactly what they intended to purchase at the price agreed;
4. Whether Plaintiffs are entitled to legal, declaratory or equitable relief;
5. Whether Plaintiffs agreed to Dyson's terms and conditions and therefore are required to arbitrate their claims and waived their rights to serve as lead plaintiffs in this putative class action;
6. Whether Plaintiffs' claims are precluded by the IEEPA shield, 50 U.S.C. § 1702(a)(3).
7. Whether Plaintiffs' claims are otherwise barred or limited by applicable defenses; and
8. Whether the requirements for class certification under Rule 23 can be satisfied where, *inter alia*, the alleged class would include members who agreed to arbitrate their claims; waived their rights to class participation; suffered no injury; purchased different products, from different retailers, at different price points, at different times; and bring claims under different states' laws.

Dyson anticipates addressing threshold legal deficiencies in the pleadings through a motion pursuant to Federal Rule of Civil Procedure 12. Dyson notes that its statement of the issues and statement of the case may change depending on the anticipated consolidated complaint.

**D. State the relief sought by any of the parties.**

**Plaintiff's Statement**

Plaintiffs seek certification of one or more classes; declaratory and injunctive relief; restitution, disgorgement, and other equitable monetary relief; compensatory, statutory, and punitive damages to the extent available; prejudgment interest; attorneys' fees, expenses, and costs; and other appropriate relief. Defendants have not asserted counterclaims or requested affirmative relief.

**Defendant's Statement**

Dyson denies that Plaintiffs or the putative class are entitled to any relief and seeks

dismissal of the Complaint with prejudice.

Dyson does not seek affirmative relief at this time, although as set forth herein, Dyson reserves its right to compel Plaintiffs' claims to arbitration and otherwise seek affirmative relief that may be proper based on, among other things, the forthcoming consolidated complaint and class allegations.

2. **Jurisdiction**: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

**A. Identify all federal statutes on which federal question jurisdiction is based.**

Plaintiff: The Court has subject-matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Defendants: Not applicable.

**B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

(1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

Plaintiffs invoke jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), alleging that the proposed class has more than 100 members, the aggregate amount in controversy exceeds $5 million exclusive of interest and costs, and at least one proposed class member is a citizen of a state different from Dyson.

Dyson reserves all defenses concerning subject-matter jurisdiction and standing.

(2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.
**NOTE 1:** Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

**NOTE 2**: A supplement to the statement of the basis for federal jurisdiction shall be filed within 14 days of any change in the information provided in the Initial Status Report.

Plaintiff Diana Hernandez alleges that she is a citizen of California and Plaintiff Amy Hunter alleges that she is a citizen of Ohio.

Dyson, Inc. and Dyson Direct, Inc. are Illinois corporations with their principal

places of business in Illinois.

3. **Status of Service**: Identify any defendants that have not been served.

All defendants have been served.

4. **Consent to Proceed Before a United States Magistrate Judge**: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.

Counsel have advised the parties that they may consent to proceed before a United States Magistrate Judge. The parties **do not** unanimously consent.

5. **Motions**:

**A. Briefly describe any pending motions.**

There are no motions currently pending.

**B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Dyson anticipates responding to the complaint by filing a motion pursuant to Federal Rule of Civil Procedure 12.

6. **Case Plan**:

**A. Submit a proposal for a discovery plan, including the following information:**

**Plaintiff's Position**

Plaintiffs propose filing a consolidated amended complaint, followed by a single responsive pleading and coordinated discovery schedule for both actions.

**August 27, 2026** — Joint Initial Status Report due.
**September 11, 2026** — Plaintiffs file consolidated amended complaint.
**September 25, 2026** — Rule 26(a)(1) disclosures due; written discovery may begin.
**October 9, 2026** — Defendants answer or otherwise respond to consolidated complaint.
**December 11, 2026** — Deadline to amend pleadings.
**June 30, 2027** — Fact discovery closes.
**July 30, 2027** — Opening expert reports.
**August 30, 2027** — Responsive expert reports.
**September 20, 2027** — Rebuttal expert reports.
**October 15, 2027** — Expert discovery closes.
**November 15, 2027** — Dispositive motions due.

**<u>Defendant's Position</u>**

Dyson respectfully submits that initial disclosures and discovery would be premature and a discovery schedule should not be entered before the Court resolves Dyson's forthcoming motion to dismiss the consolidated complaint. Dyson's motion to dismiss will raise threshold legal issues that may dispose of the action in its entirety or materially narrow the claims and scope of discovery.

If any claims remain after Dyson's motion to dismiss is decided, Dyson proposes that the parties meet and confer and submit a proposed discovery schedule and joint status report within 14 days of the Court's ruling that is responsive to any remaining claims and allegations of the complaint.

**B. With respect to trial, indicate the following:**

(1) **Whether a jury trial is requested; and**

Plaintiffs have demanded a jury trial. Dyson reserves all rights concerning whether any claims are properly triable to a jury.

(2) **The probable length of trial.**

If the case proceeds to trial, Dyson presently estimates that trial would require approximately five to seven court days.

7. **Status of Settlement Discussions**:

**A. Indicate whether any settlement discussions have occurred;**

The parties have not engaged in settlement discussions. Plaintiffs have not made a written settlement demand.

**B. Describe the status of any settlement discussions; and**

Not applicable.

**C. Whether the parties request a settlement conference.**

Plaintiffs believe a settlement conference may be beneficial and reserve the right to request a settlement conference at a later date.

Dyson does not request a settlement conference. Dyson does not believe settlement discussions would be productive at this early stage of the case.