**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DIANA HERNANDEZ and AMY HUNTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DYSON, INC. and DYSON DIRECT, INC.,<br><br>Defendants. | Case No.: 1:26-cv-6898<br><br>Hon. Lindsay C. Jenkins |

**DYSON, INC. AND DYSON DIRECT, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE AN OVERSIZED BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Defendants Dyson, Inc. and Dyson Direct, Inc. (together, "Dyson") respectfully submit this motion for leave to file a memorandum of law exceeding Local Rule 7.1's 15-page limit in support of Dyson's motion to dismiss the Consolidated First Amended Class Action Complaint (ECF 21) (the "Complaint") for lack of subject matter jurisdiction and failure to state a claim as to all causes of action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion to Dismiss"). In support of said motion, Dyson states as follows:

## BACKGROUND

Plaintiffs allege in the Complaint that Dyson increased prices on its products to account for tariffs allegedly paid by Dyson to the federal government pursuant to the International Emergency Economic Powers Act ("IEEPA"). Plaintiffs allege that they voluntarily purchased Dyson products at these increased prices from third-party retailers. Plaintiffs now assert that, because the

U.S. Supreme Court invalidated the IEEPA tariffs paid by Dyson, Dyson must disgorge any "windfall profits" resulting from tariff refunds received by Dyson from the government, despite that Plaintiffs admit that Dyson is not subject to any "legal requirement" to pay consumers and do not allege that Dyson made any commitments to consumers about tariff refunds. But it is not and has never been the law that lawful pricing becomes unlawful simply because a manufacturer later recovers a cost component of that price. The Motion to Dismiss identifies multiple and significant foundational deficiencies in the Complaint with respect to subject matter jurisdiction, as well as numerous pleading deficiencies with respect to each purported cause of action. These significant issues of law require more than 15 pages to brief. Accordingly, Dyson requests a 5-page extension of the 15-page length limit to 20 pages.

Counsel has conferred with Plaintiffs' counsel, Michael Tackeff, about Dyson's request to file an oversized brief and Plaintiffs do not oppose Dyson's motion. Dyson will contemporaneously submit a Proposed Order (Unopposed) granting Dyson leave to file a memorandum in support of the Motion to Dismiss not to exceed 20 pages.

## CONCLUSION

For the foregoing reasons, Defendants Dyson, Inc. and Dyson Direct, Inc. respectfully request entry of an order granting them leave to file a memorandum of law in support of their motion to dismiss Plaintiffs' First Amended Consolidated Class Action Complaint not to exceed 20 pages.

Dated: September 25, 2026

Respectfully submitted,

PLUNKETT COONEY PC

*/s/ John F. Sullivan*
John F. Sullivan (6205900)
Thomas French

221 N. LaSalle Street, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 970-3480
Email: jsullivan@plunkettcooney.com
tfrench@plunkettcooney.com

HERBERT SMITH FREEHILLS KRAMER (US) LLP

Maxwell D. Herman
1177 Avenue of the Americas
New York, NY 10036
Telephone: (917) 542-7810
Fax: (917) 542-7601
Email: Maxwell.Herman@hsfkramer.com

*Attorneys for Dyson, Inc. and Dyson Direct, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that I caused a true and correct copy of the foregoing motion to be filed with the Court's CM/ECF, which notified all counsel of record.

______*/s/ John F. Sullivan*______
John F. Sullivan (ARDC 6205900)