**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DIANA HERNANDEZ and AMY HUNTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DYSON, INC. and<br>DYSON DIRECT, INC.,<br><br>Defendants. | Case No. 1:26-cv-6898<br><br>Hon. Lindsay C. Jenkins |

**DYSON, INC. AND DYSON DIRECT, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY PENDING RULING ON THEIR MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT AND BACKGROUND ....................................................... 1

ARGUMENT ........................................................................................................ 3

I. The Motion to Dismiss Raises A Credible Challenge To This Court's Subject Matter Jurisdiction And Seeks Dismissal Of The Complaint In Its Entirety .................................................................................................... 4

II. Plaintiffs Would Not Be Prejudiced by a Stay ........................................ 6

III. Dyson Faces a Substantial Burden in the Absence of a Stay .................. 7

CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Aland v. U.S. Dep't of the Interior*,
2022 WL 18027569 (N.D. Ill. Dec. 30, 2022) ............ 5

*Arrivalstar S.S. v. Canadian Nat. Ry. Co.*,
2008 WL 2940807 (N.D. Ill. July 25, 2008) ............ 6

*Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*,
674 F.3d 630 (7th Cir. 2012) ............ 3

*Liggins v. Reicks*,
2021 WL 2853359 (N.D. Ill. July 8, 2021) ............ 3, 6, 7

*Lord v. PDD Holdings, Inc.*,
2024 WL 5432081 (N.D. Ill. Feb. 28, 2024) ............ 3, 4, 5

*Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Props. of Am., Inc.*,
2013 WL 12333447 (N.D. Ill. Sept. 27, 2013) ............ 3, 7

*Sprague v. Brook*,
149 F.R.D. 575 (N.D. Ill. 1993) ............ 6, 7

*Tel. Sci. Corp. v. Asset Recovery Sols., LLC*,
2016 WL 47916 (N.D. Ill. Jan. 5, 2016) ............ 6

*Trading Techs Int'l, Inc. v. BCG Partners, Inc.*,
186 F. Supp. 3d 870 (N.D. Ill. 2016) ............ 6

*U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*,
487 U.S. 72 (1988) ............ 6

**Rules**

Fed. R. Civ. P. 26(c) ............ 3

Defendants Dyson, Inc. and Dyson Direct, Inc. (together, "Dyson") respectfully submit this memorandum of law in support of their motion to stay discovery pending a ruling on their motion to dismiss for lack of subject matter jurisdiction and failure to state a claim as to all causes of action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF 28) (the "Motion to Dismiss" or "MTD") asserted against them in the Consolidated Second Amended Class Action Complaint (ECF 27) (the "Complaint" or "Compl."), filed by plaintiffs Diana Hernandez ("Hernandez") and Amy Hunter ("Hunter," together with Hernandez, "Plaintiffs").

## PRELIMINARY STATEMENT AND BACKGROUND

Discovery should be stayed pending the Court's adjudication of Dyson's Motion to Dismiss, which raises case-dispositive issues with respect to Article III subject matter jurisdiction and the viability of all of Plaintiffs' causes of action as a matter of law. A stay would preserve the Court and both parties' resources while the Court determines whether and to what extent this case should proceed beyond the pleadings; there would be no prejudice to Plaintiffs, and, in the absence of relief, Dyson would bear a substantial burden. A stay also would be consistent with the decisions of courts in this District and elsewhere who have recognized that claims like these present fundamental, threshold questions with respect to justiciability which should be addressed before commencing discovery.

Plaintiffs allege in the Complaint that Dyson increased prices on its products to account for tariffs paid by Dyson to the federal government pursuant to the International Emergency Economic Powers Act ("IEEPA"). Plaintiffs allege that they voluntarily purchased Dyson products at these increased prices from third-party retailers. The U.S. Supreme Court having subsequently invalidated the IEEPA tariffs, Plaintiffs now assert that Dyson must pay to Plaintiffs any "windfall profits" allegedly resulting from the tariff refunds.

It is not and has never been the law that lawful pricing becomes unlawful because a manufacturer recovers or reduces a cost component of production following sale. For example, a restaurant which receives a rent adjustment or an unexpected tax break is not obligated to refund its historical customers—who received what they ordered for agreed prices—even if the agreed prices accounted for higher rent or higher taxes than ultimately borne by the restaurant. Indeed, Plaintiffs admit that neither the U.S. Supreme Court, U.S. Customs and Border Protection nor any other "legal requirement" entitles consumers to refunds—and Dyson is not alleged to have made any contrary promises to consumers. Accordingly, Plaintiffs are unable to plead an invasion of any "legally protected right" and fail to plead an injury sufficient for jurisdictional standing. Dyson's Motion to Dismiss, filed today pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), identifies this and multiple other foundational deficiencies of the Complaint that deprive this Court of subject matter jurisdiction, as well as numerous pleading deficiencies with respect to each cause of action, that render a stay of discovery pending adjudication of the Motion to Dismiss appropriate.

The propriety of a stay is punctuated by the expansive and burdensome discovery served by Plaintiff Hunter. On September 25, 2026, Plaintiff served fourteen interrogatories, nineteen requests for production, and eleven requests for admission (the "Requests") on Dyson. Herman Decl., Ex. A.[1] The Requests are excessively broad, including several contention interrogatories and sweeping requests for documents, seeking information concerning, for example, pricing history data for every single one of Dyson's products. *Id.* at 7, 10. None of the documents or information asked for in the Requests is required for this Court to determine whether the case should be dismissed for facial defects in the Complaint.

[1] "Herman Decl." refers to the Declaration of Maxwell D. Herman submitted herewith.

The Motion to Dismiss raises threshold issues with subject matter jurisdiction apparent on the face of the Complaint that may result in dismissal in its entirety. There is no judicial economy nor practical advantage in launching broad-ranging discovery into a wide range of matters relating to the sale and pricing of goods when Plaintiffs have not met their threshold burden to plead either standing or a plausible basis for their claims. Moreover, as discussed below, Plaintiffs face no prejudice as a result of a stay pending a decision on the Motion to Dismiss, whereas Dyson faces the substantial burden of having to engage in discovery in a case over which the Court may not have jurisdiction. Accordingly, Dyson submits that the Court should stay discovery in this matter, consistent with decisions by courts in this district and elsewhere in cases involving similar claims relating to IEEPA tariff refunds.

## **ARGUMENT**

The Federal Rules grant the Court the inherent authority to stay discovery at this early stage of the litigation pending its ruling on Dyson's Motion to Dismiss. *See* Fed. R. Civ. P. 26(c); *Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 636 (7th Cir. 2012) ("It is well-settled that district courts enjoy broad discretion in controlling discovery.") (citation omitted). Indeed, this Court has often granted stays of discovery pending resolution of motions to dismiss. *See, e.g.*, *Lord v. PDD Holdings, Inc.*, 2024 WL 5432081, at *2 (N.D. Ill. Feb. 28, 2024) ("Courts are more likely to stay discovery pending a motion to dismiss where the motion will resolve an important threshold issue.") (granting stay) (quotation omitted); *Liggins v. Reicks*, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021) ("Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where . . . discovery may be especially burdensome and costly to the parties.") (granting stay) (quotation omitted); *Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Props. of Am., Inc.*, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) ("The Plaintiffs assert that

the filing of a motion to dismiss does not automatically stay discovery; the Court agrees. But this Court has broad discretion in guiding the course taken during discovery.") (granting stay) (citation omitted). The Court's individual rules likewise state that "[t]he Court will often stay discovery when a motion raises colorable jurisdictional, statute of limitations, or other issues that may result in the case being resolved not on the merits," such as the Motion to Dismiss.

In determining whether to stay discovery, the Court must determine whether "good cause" exists for a stay. *Lord*, 2024 WL 5432081, at *2. In undertaking such an analysis, courts evaluate whether a stay will: (i) "simplify the issues in the case," (ii) "prejudice the non-moving party," and (iii) "reduce the burden of litigation for the parties or the court." *Id.* Here, each factor weighs in favor of a stay.

## I. <u>The Motion to Dismiss Raises A Credible Challenge To This Court's Subject Matter Jurisdiction And Seeks Dismissal Of The Complaint In Its Entirety</u>

The Motion to Dismiss presents a credible challenge to this Court's subject matter jurisdiction that, if granted, would result in the dismissal of the Complaint in its entirety. As discussed above and in the Motion to Dismiss, Plaintiffs lack standing under Article III because they have failed to allege a cognizable injury that is traceable to Dyson's conduct. *See* MTD at 5–8. *First*, under well-established precedent, Plaintiffs do not allege an injury-in-fact sufficient for Article III standing where their equitable claims concern the voluntary purchase of a product at an agreed price without any alleged misrepresentations or statutory violation. *Second*, Plaintiffs' alleged harms are not traceable to Dyson's conduct where they rest on an entirely speculative chain of assumptions that Dyson (a) controlled third-party retailers' product pricing, (b) exercised that control to increase prices on products purchased by Plaintiffs, (c) did so to account for the cost of IEEPA tariffs and (d) that the third-party retailers pay revenues from increased prices to Dyson. Under these circumstances, it is appropriate for the Court to stay discovery while it ascertains

whether the Court has jurisdiction and the case may proceed. *See Aland v. U.S. Dep't of the Interior*, 2022 WL 18027569, at *5 (N.D. Ill. Dec. 30, 2022) ("The court stays discovery pending a determination of its subject matter jurisdiction."), *aff'd*, 2024 WL 2036115 (7th Cir. May 8, 2024).

Courts adjudicating similar arguments related to consumers' claims to IEEPA tariff refunds have stayed discovery. *See* Minute Entry, *Walsh v. Mondelez Int'l, Inc.*, Case No. 1:26-cv-6000 (N.D. Ill. Aug. 25, 2026) (ECF 27) (granting motion to stay discovery where defendants "raised a potentially dispositive threshold issue in their motion to dismiss, namely, a challenge to Plaintiff's Article III standing"); Order, *Hernandez, et al. v. Adidas Am., Inc.*, Case No. 1:26-cv-2848 (E.D.N.Y. July 30, 2026) (ECF 23) (granting motion to stay discovery as "the Court is persuaded by Defendant's arguments as to nonfrivolous defenses and lack of undue prejudice resulting from a stay"); *see also Lord*, 2024 WL 5432081, at *3 ("While a jurisdictional issue remains to be decided, the Court does not believe it is a wise use of resources to litigate and adjudicate discovery issues that the Court may not have the ability to enforce in any event."). The Motion to Dismiss also requests dismissal on the basis that Plaintiffs fail to adequately allege any of their causes of action, especially as the Complaint is devoid of any plausible allegation that Dyson did anything improper. *See* MTD at 10–15. All these arguments raise cross-cutting legal deficiencies in Plaintiffs' pleading that may result in dismissal or otherwise simplify the issues in the case.

Dyson's requested relief also would be consistent with the Court's individual rules, which provide that the Court "will often stay discovery when a motion raises a colorable jurisdictional, statute of limitations, or other issue that may result in the case being resolved not on the merits." Other courts in this district likewise grant stays of discovery where, as here, defendants raise significant issues that would dispose of the entire case against them, particularly where the motion

raises the threshold issues of jurisdiction and standing. *See, e.g.*, *Liggins*, 2021 WL 2853359, at *3 ("This factor weighs in favor of a stay because the costs and burdens of discovery may prove unnecessary if the motion to dismiss is granted."); *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993) ("In light of the issues raised by the OPM in its motion to dismiss, which may dispose of this case in its entirety, and because the plaintiffs' discovery requests are irrelevant to such issues, discovery at this time cannot be justified."); *see also U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters . . . ."). Accordingly, discovery should be stayed until these threshold issues are determined.

## II. Plaintiffs Would Not Be Prejudiced by a Stay

There is no prejudice to Plaintiffs by a stay of discovery.

*First*, the litigation is in its early stages. A short stay of discovery sufficient for the Court to determine the threshold viability of Plaintiffs' case would not prejudice Plaintiffs. *See Trading Techs Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 877 (N.D. Ill. 2016) (finding that in the context of staying discovery "the potential for delay does not, by itself, establish undue prejudice"). Indeed, Plaintiffs do not seek emergency relief nor do they allege a continuing harm. *See Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, 2016 WL 47916, at *5 (N.D. Ill. Jan. 5, 2016) ("The parties agree that this case is in its early stages, which equates to a potential for significant savings for both parties in terms of their time, expenses, and resources required to move forward with this litigation.") (granting stay) (citation omitted); *Arrivalstar S.S. v. Canadian Nat. Ry. Co.*, 2008 WL 2940807, at *2 (N.D. Ill. July 25, 2008) (collecting cases) ("Courts frequently issue stays . . . when the litigation is at an early stage.").

*Second*, discovery is not needed in connection with the Motion to Dismiss. The Motion to Dismiss can be adjudicated solely with reference to Plaintiffs' allegations in the Complaint. *See*

*Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993) ("A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion."); *see also Liggins*, 2021 WL 2853359, at *2 (same).

*Finally*, Plaintiffs have made no claim that any evidence will be unavailable or lost in the interim if discovery is stayed pending a decision on the Motion to Dismiss.

## III. Dyson Faces a Substantial Burden in the Absence of a Stay

If the Court does not stay discovery pending adjudication of Dyson's Motion to Dismiss, Dyson will bear a substantial and likely unnecessary burden. The Requests demand documents regarding every single product that Dyson manufactures, including pricing history and "[a]ll" documents concerning the consideration of *any* "tariffs" in setting pricing on all of these products. Herman Decl., Ex. A at 11. The time and process to negotiate a reasonable scope of discovery, as well as the costs and burden of collecting, reviewing, and producing documents and gathering information to respond to the nineteen requests for production, fourteen interrogatories, and eleven requests for admission, impose a significant burden on Dyson. Indeed, this Court and all parties would be burdened by expending time and resources litigating discovery issues and related disputes in a case that may well end up dismissed entirely, or at the very least, significantly narrowed. *See, e.g.*, *Retail Props. of Am., Inc.*, 2013 WL 12333447, at *1 ("[T]he motions to dismiss currently before the Court are not frivolous and are potentially dispositive. In the event the Court were to grant the motions, in whole or in part, the case could be over or significantly reduced."). Under these circumstances, a stay would be an appropriate and just step to preserve the resources of both the Court and the parties.

## CONCLUSION

For the foregoing reasons, the Court should exercise its discretion available under Federal Rule of Civil Procedure 26(c) and stay discovery pending a ruling on Dyson's Motion to Dismiss the Complaint.

After consultation by videoconference on October 1, 2026, at 9:00am (CST), between the undersigned and counsel for Plaintiffs Michael Tackeff, Paul Doolittle and Andre Belanger, and good faith attempts to resolve differences, the parties are unable to reach an accord with respect to the requested relief. However, counsel have agreed to the briefing schedule set forth in the proposed order accompanying this motion.

Dated: October 7, 2026

Respectfully submitted,

HERBERT SMITH FREEHILLS KRAMER (US) LLP

/s/ *Maxwell D. Herman*

Maxwell D. Herman
1177 Avenue of the Americas
New York, NY 10036
Telephone: (917) 542-7848
Fax: (917) 542-7601
Email: Maxwell.Herman@hsfkramer.com

PLUNKETT COONEY PC

John F. Sullivan
Amanda Nichole Hart
221 N. LaSalle Street, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 970-3491
Email: jsullivan@plunkettcooney.com
ahart@plunkettcooney.com

*Attorneys for Dyson, Inc. and Dyson Direct, Inc.*